Sam’l Timson seised in fee,of 800 a of Land called Vaulx Hall Plantation by his Will Jan’ry 8. 1694. devises thus “ I give to “ my two Sons W’m & Sam’l all that tract of Land where I now “ live comonly called Vaulx Hall Plantation to be equally *B141 “ divided between them W’m to have the Mannor house & “ Plant, into his hall & Sam’l the Plant whereon Robert Rick-man now lives into his half to them & their Heirs forever but if it shall please God either of them shall die before they come of age or without issue lawfully begotten Then to the Survivor of them & their Heirs forever.
W’m & Sam’l entered & were severally seised of their moieties W’m lived till 21. & having issue 3 Sons W’m John & Sam’l & being seised of the premes devised to him & also of 150 a of Land adjoining which he had purchased (which said devised premes & 150 a are the premes in queon) by his Will Aug’t 18. 1716. devised the premes in queon thus “ I give to my Son W’m my “ Dwelling house & part of my Land on Queens Creek (describ- “ ing the boundaries) to him & his heirs lawfully begotten for- “ ever Item I give to my Son John All the rest of my Land on “ Queens Creek to him & his heirs lawfully begotten forever “ But if it should please God to take are [sic] or one of them “ out of this World before they come of Age or have no Son “ Then to the Surv’r of these two or his Eldest Son” Then he devises other Lands to his Son Sam’l & then follows this Clause “ If neither W’m nor John leave no Son behind them then my “ Son Sam’l to have it all to his Heirs.” W’m & John the Sons & Devisees entered & were seised & then Sam’l their Brother died w’thout issue
W’m lived to be 21. but died without issue & by his Will 26. April 1726, devised his part to his Brother John in tail male And in the Conclusion of his Will there is this Clause. “ Item I “ give the Remainder of my Estate Lands & Interest to my “ Bro’r John Timson & his Heirs forever”
John Timson lived to be 21. had issue a Son W’m & by his Will [131] devised to the Defts. Wife for life This Will is not found at large as the others are
W’m the Son of John died an Infant without issue The Lessor is Sam’l the Son of Sam’l Timson the first tes’tor & is his Heir at Law. He is also Heir at Law of W’m Timson the fa’r & of his 3. Sons W’m John & Sam’l And so is the male heir of the whole family

*B142

In this Case there must of necessity be two queons made One upon the Will of Sam’l Timson which respects the Moiety of Vaulx Hall plant, viz. 400 a of the premes in question And the other upon the Will of W’m Timson his Son which may either respect the whole premes or only the 150 a purchased by W’m Timson as the determination happens to be upon Sam’l Timsons Will
The first question then is upon Sam’l Timson’s Will What Estate his Sons Wm. & Sam’l take in the Lands called Vaulx Hall Plant, devised to them The devise is to this purpose “ I give to my 2 Sons W’m & Sam’l Vaulx Hall Plant to them & “ their Heirs forever but if it shall plaese God either of them should die before they come of Age or without issue lawfully begotten Then to the Surv’r of them & their Heirs forever.”
The question is Whether W’m & Sam’l took an Estate tail or a fee simple upon the Contingency of living till 21. or having issue If an Estate tail W’m is dead without issue & Sam’l who survived is the Lessor & has undoubtedly a good title Tf a contingent fee then the Lessor can have no title under this Will I shall be very short in speaking to this question because this Court very lately in April 1739. upon the same words as are in this Devise in another Clause of the same Will adjd. that such words make an Estate tail I was then on the other side of the question & laboured to persuade your Honours to be of Opin. that it was a contingent fee but in vain Whether the Gent on the other side may succeed better I can’t tell
The Case in which this Opin. was given was betw. the now Lessor (a) Timson & Robertson. It was upon a Devise in the Will of Sam’l Timson in these words “ I give & “ bequeath to my Son John 200 a of Land to him & his heirs “ forever but if it shall please God he shall die under Age *B143 “ or without issue then to my dauter Mary & her [132] heirs” John lived till 21. but died without issue The Lessor claimed as heir of John & if John had taken a contingent fee by the Devise would have had a good title but it was adj’d to be an Estate tail And so Mary the dauter had a good Title By the Rem’r over
In the present Devise the words “ to my Sons W’m & Sam’l & “ their heirs but if either of them die before they come of age “ or without issue Then to the Surv’r & their heirs.” There is no difference betw. the words of one Devise & the other only in one it is if they die under Age & in the other if they die before they come of Age which are the same in sence The Lessor therefore hopes that the same words in the same Will will have the same construction now they make for his title as they were adj’d to have when they made ag’st his title
The words that we rely upon to make an Estate tail are “ if either die before they come of age or without issue This word issue in a Will is always taken to mean heirs of the body And when ever it can be applied to the word heirs in any former part of the Will qualifies the generality of the term heirs & restrains it to Heirs of the body It is a common & known doctrine that if a devise be to one & his heirs & if he die with’t issue Rem’r over that tho’ the first words made a fee Yet the word issue that comes after shews that the testor did not intend heirs general in the first part of the Devise but only heirs of the body And so taking the testors meaning upon the whole Will it is plain an Estate tail was intended Here the Devise is to W’m & Sam’l & their heirs & if either die before they come of Age or with’t issue Rem’r over The word issue shews what heirs were meant in the first part of the Devise viz. heirs of the body. And your Hon’rs have adj’d that the words before they come of Age do not differ the case from a general devise of the kind
In Timson & Robertson the Case principally relied upon was Soul & Gerrard Cro. El. 525. which was thus A man devised to his Son & his heirs & if he die within age or without issue Rem’r over This was adjudged an Estate tail And it is to be sure a Case directly in point
There is also a later Case Tilly & Collier 2. Lev. 162. where the devise as to this purpose was shortly thus The Devisor had 3 dauters Susan Ann & Eliza. & devised his Lands to his wife till his heir came of Age. And if Susan his heir die without heirs *B144 before 21. so that the Land fall to Ann Then he devises further These words “ If Susan die without heirs before 21.” it was held made an Estate tail in her & not a fee
[133] And so I shall leave this point hoping my Client will not be so unfortunate to have the same point adj’d ag’st him both ways
The next queon in this Case is What Estate W’m & John the Sons of W’m Timson took by the devise to them in their fa’rs Will and this question is necessary with respect to the 150 a which W’m Timson the fa’r purchased & which he has devised with his moiety of Vaulx Hall Plant, to his Sons Altho’ he had only an Estate tail in Vaulx’s And if he had a fee in Vaulx’s Then this queon respects the whole premes as has been sayed
The devise in this W’m Timsons Will is thus “ I give to my “ Son W’m part of my Land at Queens Creek to him & his heirs “ lawfully begotten forever I give to my Son John all the rest “ of my Land at Queens Creek to him & his heirs lawfully be- “ gotten forever But if it should please God to take are or one “ of them out of this World before they come to Age or have “ no Son” Then he devises lands to his Son Sam’l & adds If “ neither W’m or John leave no Son behind them then my Son Sam’l to have it all to his heirs”
Nothing can be clearer I think than that the testor intended the fee should rest in-his Son Sam’l for tho’ the first devise to W’m & John is to them and their Heirs Yet it is with the addition of those words lawfully begotten which in comon Speech are generally understood of heirs of the body Yet admitting a fee simple would pass by these words Upon what follows there can be no doubt what heirs the testor meant in this part of the devise “ If either die before they come to Age “ or have no Son Then to the Surv’r or his eldest Son ” The heirs meant are plainly the Sons of the Devisees or their heirs male for they are the same & not their heirs general
The words here are the same as in Sam’l Timsons Will Only Son instead of issue And the word Son is as much descriptive of heirs male as the word issue is of heirs of the body in general. If therefore the words in Sam’l Timsons Will make an Estate tail general The words here will make an Estate in tail male
But if there could arise a doubt on this part of the Will on account of the words before they come of Age Yet the last Clause seems to put the matter beyond all queon “ If neither W’m or *B145 Jn’o leave no Son behind them then my Son Sam’l to have it all to his heirs The Rem’r to Sam’l is to take place when W’m & John are dead without Sons that is with’t issue male
It will scarce be disputed that if a man devises to one & his heirs And if he leaves no Son Rem’r over that the Devisee has an Estate in tail male And that in effect is the devise here Son does certainly as strongly import heirs male as Issue does heir of the body in general
[134] In Bilffelds Case cited by Hale in King & Melling 1. Vent. 231. the Devise was to A. & if he dies not having a Son then to remain to the heirs of the testor And adj’d that Son was nomen collectivum & that it was an intail
So in Milliner & Robinson Mo. 682 One devised to his Brother John & if he died having no Son then to his Bro’r W’m for life And if he died without issue having no Son Rem’r over It was held that John the first Devisee had an Estate tail
[Note by W. G.] As to these two cases see 9 Gratt. 222-232. Arg. (peor me) in Moore vs. Stones Ex’s.
This Case is also in 1 Ro. Abr. 837. 12. but there the Devise is stated to be to the Wife for life & afterwds to the Son And if the Son dies without issue having no Son that another shall have it Held an Estate in tail male to the Son
But there can scarce want Cases to support so plain a point for what can a man mean by the word Son but heirs male & what are heirs male but Sons
So that I apprehend it to be extreamly clear that the testor W’m Timson intended only an Estate in tail male to his Sons W’m & John And that upon default of male heirs the Land sho’d go to his Son Sam’l in fee W’m & John are both dead without issue Sam’l is also dead & the Lessor is his heir.
Thus upon the Will of Sam’l Timson the Lessor seems to have a good title to Vaulx’s Plant. But if that could be a doubt upon the Will of W’m Timson he has clearly a title not only to that but to the 150 a purchased by W’m Timson And so has a good title to the whole premes in question
And if W’m & J ohn the Sons of W’m had only an Estate tail it may seem unnecessary to take any notice of their Wills W’m has taken upon him to devise his part to his Bro’r John in tail & John has taken upon him to devise the whole to the Defts. Wife but these Devises must be void if they had only Estates tail as 1 apprehend is extreamly clear
*B146 Obj. Admitting that W’m & John the Sons of W’m Timson took only an Estate tail & that Sam’l had a Rem’r in fee This Rem r was vested in him & so upon his death descended to his heir who was his Bro’r W’m And W’m by his Will has devised this Rem’r to his Bro’r John by these Words “ I give the Rem’r “ of my Estate Lands & Interest to my Brother John & his “ heirs ” Then John being tenant in tail with the Rem’r in fee expectant might devise to the Deft.
Answr. I shall not dispute but that the Rem’r limited to Sam’l upon his death descended to his Bro’r W’m And I shall agree that W’m might devise this Rem’r & that it wou’d pass by [135] by the devise alone But as John the Devisee was heir of his Bro’r W’m he must take this Rem’r by descent & not by the devise
It is not indeed material how John took this Rem’r I agree that he was tenant in tail with the Rem’r in fee expectant And that he might have devised this Rem'r but this I conceive he has not done And therefore the same is descended upon the Lessor who is his heir
I have already observed that John Timsons Will is not found at large or referred to in the Case And therefore it must be taken to be as Stated & agreed to in the Case
The words of the Case are that he made his Will & thereby devised the premes in queon to the Deft. Anna Maria for life It is agreed that he left a Son at his death who is since dead (but the Will I believe was made before he had a Son) The queon then is whether tenant in tail with the Rem’r in fee expectant having issue can devise in this manner.
The intent of the testor is to be considered By the devise as here stated he certainly intended to pass a present interest but that he could not do having issue at his death The Devise therefore is void
Vid. 1. Sal. 233. 1 Raym’d 523. Badger & Loyd.
The Act of the 9. Ann. Says No Estates tail shall be cut off, avoided or defeated by any ways or means whatsoever but by Act of Assembly And every act and thing done towards cutting off, avoiding or defeating any Estate tail is thereby declared to be null & void
But this devise would have avoided & defeated the Estate tail as there was issue at the testors death Therefore it is void
N. B. The Council for the Deft,
only argued the first point which being adj’d ag’st the Deft, he would not argue the second The Obj. above was not mentioned
A Devise void in its creation cannot be made good by matter ex post facto As if an Infant makes a Will & lives to be of Age but dies without a new publication the Will is void So of a feme covert if she does not republish after discoverture
Further tho’ a Rem’r in fee may be devised Yet there must be apt words to pass it The testors intention to pass such an interest must appear Here the intention appears quite otherwise The Devise as stated is of the premes in queon & to pass in presentí This can never be construed a Devise of a Rem’r expectant & to take effect in futuro As it must be to make the Devise good because it was certainly void ag’st the Devisors issue
But this question only respects the 150 a purchased by W’m Timson if the Devise in Sam’l Timsons Will be an Estate tail
Judgmt. Fr Pit.

 See the Case ante 81.